## Case No. 3,469.

CULVER et al. v. WOODRUFF COUNTY.

[5 Dill. 392.][1]

Circuit Court, W. D. Arkansas. 1878.

FEDERAL JURISDICTION — TRANSFER OF COUNTIES FROM ONE JUDICIAL DISTRICT TO ANOTHER.

1. The act of congress of January 31, 1877 [19 Stat. 230], taking certain counties out of the western district and placing them in the eastern district of Arkansas, is silent as to cases then pending in the western district against residents of these several counties; such cases remain and are to be tried by the United States court for the western district.

2. Where the status of parties is such as to give a federal court jurisdiction, a change of such status pending the suit does not affect the jurisdiction.

The plaintiffs in this cause [Culver, Page, Hoyne & Co.] file their motion for an order transferring this case to the district court of the United States for the eastern district of Arkansas, for the reason that the county defendant has, by act of congress, been transferred to said eastern district. This case was pending in this court on the 31st of January, A. D. 1877, the date of the passage of the law of congress transferring Woodruff, with other counties in the state, to the eastern district of Arkansas. Woodruff county, prior to that time, was in the western district. The plaintiffs were nonresidents, and this court at the time of the bringing of this suit had jurisdiction of the same.

Yonley & Whipple and J. H. Clendenning, for plaintiffs.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

PARKER, District Judge. On the question raised by this motion, the court holds the law to be, that, when jurisdiction has once attached, no subsequent change in the relation or condition of the parties in the progress of the cause will deprive the court of jurisdiction over the cause, or over any proceeding touching the execution of the judgment. It is clear that the jurisdiction depends on the state of things existing at the time the action is brought, and that after it is once vested it cannot be ousted by subsequent events. Now, if a suit is brought in this court by a non-citizen of the state against a citizen of the state and resident of the district, and the non-citizen afterwards becomes a citizen of the state pending the suit, or the resident of the district becomes a non-resident before the determination thereof, neither one of these changes in the status of the parties will divest the court of jurisdiction, because the same has attached, and the condition or relation of the parties at the time of bringing the suit is the test of jurisdiction.

The case of this county presents a case of a change of residence from this judicial district to another by operation of law since this suit was brought, and after jurisdiction had attached. This principle is directly decided in the case of U. S. v. Dawson, 15 How. [56 U. S.] 467. This was a case that went to the supreme court of the United States from this district, or, rather, what had then just become the eastern district of this state. A new district had, in the year 1851, been created, called the western district of Arkansas, consisting of nine counties in the state and the Indian country, and a case was pending in the old district from the Indian country. It was claimed for the defendant that he could not be tried in the eastern district, but that his case must be sent to the other district. The court says: "We do not, therefore, perceive any objection to the jurisdiction of these courts over cases pending at the time the change took place, civil and criminal, inasmuch as the erection of the new district was not intended to affect it in respect to such cases, nor has it, in our judgment, necessarily operated to deprive them of it." The law was silent as to cases pending in the old district. Therefore, the effect of the decision is, that, unless the law changing the district provides that pending cases shall be removed to the new district, the mere passage of the law does not work a removal.

The point raised by the motion in this case is directly decided in the case of Rhoades v. Selin [Case No. 11,740]. The same question is inferentially decided in Dunn v. Clark, 8 Pet. [33 U. S.] 1; Mollan v. Torrance, 9 Wheat. [22 U. S.] 537; Morgan's Heirs v. Morgan, 2 Wheat. [15 U. S.] 110; Hatfield v. Bushnell [Case No. 6,211]. The law in this case being silent as to cases pending in the district court for the western district of Arkansas against counties which have been placed by its terms in the eastern district, and against persons living in these counties, they must be tried in that court whose jurisdiction had attached at the time of the passage of the law. Congress, of course, could have provided for a transfer of these cases. It has not done so. The mere passage of the law does not work a removal of the cases. Motion overruled.